Opinion of the court by
Mr. Justice Teotteíi:
The opinion of the court below as expressed was certainly erroneous. The law upon this subject is well settled by numerous1 and repeated decisions of the most respectable courts in this country; that where a contract is made with a banking corporation, or a note is made payable there, the usage and custom of the bank constitute a part of the contract, and the parties so contracting are bound by it; not upon the ground that this usage changes the general rules of law, but that by so contracting they have impliedly consented to be bound by it, and to substitute it for the general law. This is the principle of the decision in the case of Jones v. Fail, 4 Mass. Rep. 251; and also of that in 1 Peters, 33. When the custom of the bank is known to the contracting parties, it therefore constitutes a part of the contract, and they can receive no prejudice by being held to it. And though an express knowledge of this usage be not shown, it may be implied from circumstances, and they are equally bound or equally exonerated. In *406 the case of Mills v. The Bank of the United States, 11 Wheat. 130, the court say: “ That when a note is payable or negotiable at a bank whose invariable usage is to demand payment and give notice on the .fourth day of grace, the parties are bound by it whether they have a personal knowledge of it or not. In the case of such note the parties are. presumed by implication to agree to be governed by the usage of the bank at which they have chosen to make their securities negotiable.” It follows as a necessary consequence of this doctrine, that, a note or other security thus payable at a bank cannot be considered as due until the expiration of the hour allowed for payment by the invariable usage of the bank, and that it must be left at the bank until the completion of the allotted period. The case of the Boston Bank v. Hodge et al. 9 Pick. Rep. 420, decides the very question now before the court. In that case the distinction is taken between a personal demand of payment of the maker, which may be made at any time during business hours of the day the note falls due, and a demand at the bank when the note is made payable there, which must conform to the usage which prevails. That case decides this. For as the note, according to the custom of the bank, was not due until the expiration of the business hours of that institution, to demand payment before that time without leaving the note in bank, was prpma,tm-e and not sufficient to charge .the endorséis. .
The judgment must therefore be reversed and a venire de novQ ¿warded.